# JOHNSON v. UNITED STATES.
## No. 230, Docket No. 20941.

Circuit Court of Appeals, Second Circuit.
June 28, 1948.

Theodore J. Drach and Irving Ginsberg, both of Staten Island, New York, for appellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge:

■■ Were this an appeal from a jury verdict, we should have to sustain the conclusion of lack of negligence on the part of the truck's driver. As the case was tried to a judge, on this appeal we must accept the trial court's findings of fact unless "clearly erroneous," and there is no contention that they are not supported by the evidence. Whether the facts as found show negligence presents a question of "law" in respect to which we are not bound by the district court's conclusions,[1] but those con-

clusions are entitled to weight even though their bases are not fully articulated in the findings of fact and opinion.

■ We think the decision of the court below that Stein was not negligent is sustained by the findings of fact and the evidence. The court found that Stein hugged the left side of the gangway. Stein himself testified without contradiction that there was "maybe about six inches at the least" between the wheels and the coaming on the right after the truck stopped, and that there was still a little space between the left wheels and the coaming, but not as much as on the right. If we assume that there was a space of seven inches between the wheels and the coaming on the right, that would have left a space of five inches on the left, and would accord with the Judge's finding that Stein hugged the left. In that event, there would have been 16½ inches between the truck body and the bulkhead on the side where Johnson was standing.

Johnson's death certificate indicates that he was 5 feet 4½ inches high and weighed 140 pounds. Allowing him the generous girth of 40 inches and assuming his body to have been cylindrical, his diameter would have been only about 12¾ inches, giving him a clearance of about 3¾ inches as long as he kept his back to the bulkhead. This clearance should have been adequate. Thus it clearly appears that Stein did not drive negligently close to the right bulwark. It is also undisputed that he drove at a slow and careful rate of speed.

It is suggested, nevertheless, that Stein may have been negligent in failing to stop the truck until Johnson had gone past. In view of the fact that Johnson, a regular employee of the ferry-boat, had in effect invited Stein's course of action by stepping on the coaming and waiting for the truck to pass, we do not think Stein acted unreasonably in proceeding at a slow rate of speed. For the same reason we do not think it was unreasonable for him not to stop every two or three feet as he passed Johnson.

It is also suggested that Stein might have had Dupuis, the man riding with him,

[1] Kreste v. United States, 2 Cir., 158 F.2d 575, 577; Great Atlantic & Pacific Tea Co. v. Brasileiro, 2 Cir., 159 F.2d 661, 665.

watch Johnson from the truck cab, or alight and take a position ahead of the truck from which he could watch Johnson and signal Stein. There is no evidence, however, from which we can conclude that either of these measures could have saved the life of Johnson. It is to be noted that, although Stein, after feeling a thud, stopped the truck as quickly as possible, Johnson's body was found five feet behind the truck. Appellant suggests that this fact is not consistent with a slow speed on the part of the truck. Since it is undisputed, however, that the truck was moving slowly, we think the position of the body is simply evidence of a fact of which we might have taken judicial notice, i. e., that the quickest reflexes and the best brakes cannot stop a five ton truck on a dime.

Affirmed.